BARNES, Presiding Judge,
concurring fully and specially.
I concur fully in the result and all that is said in the majority opinion. I write separately to note that the nomenclature we use in this area of law is extremely confusing and that, perhaps, we should consider renaming these terms in future cases. Currently, if John Doe is sued in his official capacity, the doctrine of sovereign immunity applies. If John Doe is sued in his individual capacity for actions taken within the scope of his official duties, the doctrine of official (or qualified) immunity applies. In other words, the doctrine of official immunity does not apply to defendants sued in their official capacity.
We could make the concepts easier to distinguish if we replace “official immunity” with “qualified immunity” when analyzing whether a person is immune from suit. Then, if John Doe were sued in his official capacity, we would continue to apply the doctrine of sovereign immunity, but if John Doe were sued in his individual capacity for *53 actions taken within the scope of his official duties, we would apply the doctrine of qualified immunity (instead of official immunity). The federal courts use the terminology “qualified immunity” rather than “official immunity,” and the analysis is easier to follow and remember. For example, in considering a claim brought by a prisoner against prison officials for refusing to allow him to wear his personal Santeria beads, the United States Eleventh Circuit Court of Appeals explained that, “While an officer can assert personal-immunity defenses like qualified immunity for suits against him in his individual capacity, the only immunity defenses he can assert in suits against him in his official capacity are forms of sovereign immunity.” Davila v. Gladden, 777 F3d 1198, 1209 (11th Cir. 2015).
Decided July 13, 2015.
Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, RichardK. Strickland, PaulM. Scott, Emily R. Hancock;Dubberly & McGovern, Joseph D. McGovern, for appellants.
John G. Phillips, C. Ron Smith, for appellee.
I recognize that our appellate courts have analyzed immunity issues in terms of “sovereign” versus “official” for many years. We often begin the immunity analysis of an official sued in his individual capacity by describing it as “official or qualified,” but we generally drop the “qualified” adjective and complete the analysis using only the adjective “official.” As the majority notes, confusion remains. Overruling Middlebrooks and Cantrell should clarify the immunity issues related to inmate claims that are raised in this case. But the continued confusion in this area must be attributed at least in part to the nondescriptive way we label the two forms of immunity, and we could further clarify the analysis by describing the immunity of an official sued in his individual capacity as “qualified.”
I am authorized to state that Presiding Judge Phipps, Judge Miller and Judge McFadden join in this special concurrence.